## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CHRISTOPHER MANKINS,    :
  *Plaintiff,*      :
           :   No. 3:24-cv-758 (JAM)
  v.        :
           :
SPRING,        :
  *Defendant.*     :

### INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

The plaintiff, Christopher Mankins, a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"),[1] filed this action *pro se* and *in forma pauperis* against Correctional Counselor Spring pursuant to 42 U.S.C. § 1983. Doc. No. 1. On December 6, 2024, he filed an amended complaint alleging that Counselor Spring failed to protect him while he was housed at Corrigan-Radgowski Correctional Center ("CRCC"). Doc. No. 18 at 5. He seeks damages.

Upon initial review pursuant to 28 U.S.C. § 1915A, Mankins's Eighth Amendment failure to protect claim is DISMISSED without prejudice.

### DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a government entity or government actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

---

[1] The Connecticut DOC website, of which the Court takes judicial notice, reveals that Mankins was sentenced on November 16, 2014 to twenty-two years and six months of incarceration for an offense of sexual assault and is now in custody at the Hartford Correctional Center. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=396592 (last visited January 9, 2025).

who is immune from such relief." A complaint may not survive an initial review under § 1915A unless it alleges facts that, taken as true, give rise to plausible grounds for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

### ALLEGATIONS

The allegations in Mankins's amended complaint, accepted as true for purposes of this ruling, are sparse. Mankins alleges that he was housed at CRCC when Counselor Spring "gave out [his] info," including his charges, which put him in imminent harm. Doc. No. 1 at 4. Accordingly, Plaintiff claims that Counselor Spring should be liable for failure to protect him while housed at CRCC. *Id.* at 5. The Court construes Mankins's allegations most liberally to assert that Counselor Spring exposed him to a risk of harm after disclosing to other unidentified individuals at CRCC that Mankins had been convicted for a sexually-related offense.

Prison conditions that "involve the wanton and unnecessary infliction of pain" constitute cruel and unusual punishment under the Eighth Amendment, which applies to the states through the Fourteenth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 344-47 (1981). The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates" in their custody. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation omitted); *see also Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("The Eighth

Amendment . . . imposes on prison officials a duty . . . to protect prisoners from violence at the hands of other prisoners." (internal quotation marks and citation omitted)).

For a claim of Eighth Amendment violation for failure to protect or deliberate indifference to safety, Mankins must plausibly allege that: (1) He was subject to conditions of confinement that posed an objectively serious risk of harm, as distinct from what a reasonable person would understand to be a minor risk of harm; and (2) a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind akin to criminal recklessness (*i.e.*, reflecting actual awareness of a substantial risk that serious harm to the prisoner would result from the official's actions or failure to act). *See Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020); *see also Hathaway v. Coughlin*, 99 F.3d 550, 553 (1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness."). General or unspecified threats of physical assault are not enough to constitute a serious risk of substantial harm. *Thomas v. Keane*, No. 99 CIV. 4302 DC, 2001 WL 410095, at *4 (S.D.N.Y. Apr. 23, 2001) (general threat and rumors that "violence could continue" after assaults occurred against other inmates was insufficient).

Mankins has not alleged sufficient facts to support his claim that Counselor Spring exposed him to a serious risk of harm or was deliberately indifferent to a threat of such harm. Indeed, there are no allegations that Plaintiff received threats of imminent harm or sustained any actual harm from anyone, let alone an identifiable inmate. Mankins's amended complaint reveals only that he has a general (though perhaps increased) fear of harm due to Counselor Spring's disclosure at CRCC about his sexual offense. This allegation is insufficient to satisfy the objective element of the Eighth Amendment analysis. *See Urban v. Quiros*, No. 3:21-CV-00919

(OAW), 2022 WL 2477809, at *14 (D. Conn. July 6, 2022) (dismissing Eighth Amendment claim as conclusory based on allegation that inmate's sex offender classification exposed him to a risk of harm absent facts reflecting that inmate's safety was at risk or that he was deprived of any basic human need); *Holley v. Cook*, No. 3:20CV170 (MPS), 2020 WL 6532842, at *3 (D. Conn. Nov. 5, 2020) (finding that an allegation of general fear of being subjected to harm was insufficient to state Eighth Amendment claim); *Bohn v. Cook*, No. 3:19CV1144(MPS), 2019 WL 5298152, at *5 (D. Conn. Oct. 18, 2019) (dismissing claim that plaintiff's allegedly inaccurate labeling as sex offender exposed plaintiff to danger of physical harassment).

In addition, Mankins has not alleged sufficient facts to support an inference that Counselor Spring acted with a state of mind akin to criminal reckless when he disclosed Mankins's sexually-related offense. There are no allegations detailing the circumstances under which Counselor Spring disclosed the information, the manner or means of the disclosure; the individuals to whom the disclosure was made; or other facts that might give rise to an inference that Counselor Spring was aware of, but disregarded, the serious threat to Mankins's safety that could result from such a disclosure. Accordingly, Mankins has not alleged a plausible Eighth Amendment claim.

## CONCLUSION

The Amended Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If Plaintiff believes he can allege facts to cure the factual deficiencies identified in this Order, he may file an amended complaint by February 22, 2025 [30 days]. Any amended complaint will completely replace this amended complaint, and the Court will not consider any allegations made in any prior complaint in evaluating the amended complaint.

4

**SO ORDERED** this 23rd day of January at Bridgeport, Connecticut.

/s/ Kari A. Dooley
Kari A. Dooley
United States District Judge